IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CEASAR J. BOWMAN, | : | |
| Plaintiff, | : | |
| VS. | : | Civil No. 5:15-cv-0067-MTT-MSH |
| Commissioner BRIAN OWENS, et al, | : | |
| Defendants. | : | |

## ORDER & RECOMMENDATION

Petitioner Ceasar J. Bowman, an inmate currently confined at Hays State Prison in Trion, Georgia, filed the above-captioned proceeding in this Court. Although Plaintiff filed this action on a 42 U.S.C. § 1983 complaint form (ECF No. 1) and seeks to recover money damages for alleged civil rights violations with respect to the conditions of his confinement, it is clear - both on the face of his pleading and his Motion for Preliminary Injunction (ECF No. 2) - that Plaintiff also seeks to challenge the calculation or execution of his sentence, which may only be done in a habeas action under 28 U.S.C. § 2241. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release."). Plaintiff cannot combine both actions in a single lawsuit.

Therefore, Plaintiff is now **ORDERED** to **RECAST** his civil rights complaint so as to only include his § 1983 claims. Plaintiff's recast complaint shall take the place of and

supersede the original complaint and all of the other documents filed by Plaintiff to date. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant. Plaintiff should then list each defendant again in the body of his complaint and tell the Court exactly how that individual violated his constitutional rights. If, in his recast complaint, Plaintiff fails to link a named defendant to a claim, the claim will be dismissed, and if Plaintiff makes no allegations in the body of his complaint against a named defendant, that defendant will be dismissed.

Because Plaintiff did not pay the required fee upon filing, the undersigned also presumes that he wishes to proceed in this action *in forma pauperis*. Plaintiff is thus further **ORDERED** to provide the Court with both an affidavit in support of his claim of indigency and "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of [his] complaint . . . ." 28 U.S.C. § 1915(a). The Clerk of Court is accordingly **DIRECTED** to forward a standard 42 U.S.C. § 1983 complaint form, a pauper's affidavit, and an account certification form to Plaintiff together with a copy of this Order. Plaintiff must complete and file the requested documents with the Court within **TWENTY-ONE (21) DAYS** of the date of this Order. The returned forms <u>must</u> show this case number: 5:15-CV-0067-MTT-MSH. Failure to comply with this Order will result in the dismissal of Plaintiff's Complaint.

The Clerk is also **DIRECTED** to provide Plaintiff with a form habeas application. Plaintiff is advised, however, that the Middle District of Georgia is not the correct forum

for his habeas claims. The proper venue for an action brought under 28 U.S.C. § 2241 is the federal district in which the petitioner is confined, *see* 28 U.S.C. § 2241(d), which is, in this case, the United States District Court for the Northern District of Georgia, Rome Division. Plaintiff may recast his habeas claims on the form provided and file it in the appropriate court. Because Plaintiff's Motion for Preliminary Injunction seeks relief only available under § 2241, *see Heck*, supra, the undersigned additionally **RECOMMENDS** that his Motion (ECF No. 2) be **DENIED**.

There shall be no service of process until further order.

**SO ORDERED**, this 6th day of March, 2015.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE