RECEIVED
CLERK'S OFFICE
2015 MAR 30 AM 8: 27
U.S. DISTRICT COURT
MIDDLE DIST. OF GEORGIA
MACON GEORGIA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
___Macon___ DIVISION

QUESTIONNAIRE FOR THE PRISONERS PROCEEDING
PRO SE UNDER 42 U.S.C. § 1983

Caeser J. (Bowman) Bowman
(100125 8401.)

(GIVE FULL NAME AND PRISON NUMBER OF PLAINTIFF)

Plaintiff

VS.

Commissioner Brian Owens.
Cynthia Nelson
Rick Jacobs
Judge Patricia Stone (et al.)

(NAME OF EACH DEFENDANT)

Defendant(s)

CIVIL ACTION NO:

5:15-CV-67

I. GENERAL INFORMATION

1. Your full name and prison number __Caeser J. Bowman → (100125 8401.)__
2. Name and location of prison where you are now confined __(Hays State Prison) Trion, Ga.__
3. Sentence you are now serving (how long?) __(60) Months → 2 years, 8 months and (28) Days.__
    (a) What were you convicted of? __Aggravated Assault.__
    (b) Name and location of court which imposed sentence __The "Juvenile" Court of Chatham County → (Savannah, Ga.)__
    (c) When was sentence imposed? __August 11, 2011 → Nov. 19, 2013!__
    (d) Did you appeal your sentence and/or conviction?    Yes ☐    No ☒
    (e) What was the result of your appeal? __N/a.__

(f) Approximate date your sentence will be completed (August 15, 2016.)

## II. PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

4. **Other than an appeal of your conviction or sentence, and other than any habeas action, have you filed a lawsuit dealing with the same or similar facts or issues that are involved in this action?**

   Yes ☐  No ☒

5. **If your answer to question 4 is "Yes," list that lawsuit below, giving the following information:**
   (IF YOU HAVE FILED MORE THAN ONE LAWSUIT, LIST OTHER LAWSUITS ON A SEPARATE SHEET OF PAPER, GIVING THE SAME INFORMATION FOR EACH)

   (a) Parties to the previous lawsuit INVOLVING SAME FACTS:
   Plaintiff(s): N/A. (CORRECTION.) Ceasar J. Bowman.

   Defendant(s): The Honorable Judge "Patricia Stone".

   (b) Name of Court: N/A. (The Juvenile Court of Chatham County.)
   (c) Docket Number: 38203  When did you file this lawsuit? Febuary (2015.)
   (d) Name of judge assigned to case: Leroy Burke, III
   (e) Is this case still pending?  Yes ☐  No ☒
   (f) If your answer to (e) is "No", when was it disposed of and what were the results?
   (DID YOU WIN? WAS THE CASE DISMISSED? DID YOU APPEAL?)
   Febuary 24, 2015.  N/A. → This case was Dismissed Due to a lack of Jurisdiction.

6. **Other than an appeal of your conviction or sentence, and other than any habeas action, have you ever filed any lawsuit while incarcerated or detained?**  Yes ☐  No ☒

7. **If your answer to question 6 is "Yes," list that lawsuit below, giving the following information:**
   (IF YOU HAVE FILED MORE THAN ONE LAWSUIT, LIST OTHER LAWSUITS ON A SEPARATE SHEET OF PAPER, GIVING THE SAME INFORMATION FOR EACH)

   (a) Parties to the previous lawsuit:
   Plaintiff(s): N/A.

   Defendant(s): _____

   (b) Name of Court: _____
   (c) Docket Number: _____  When did you file this lawsuit? _____
   (d) Name of judge assigned to case: _____
   (e) Is this case still pending?  Yes ☐  No ☐

**(f) If your answer to (e) is "No", when was it disposed of and what were the results?**
(DID YOU WIN? WAS THE CASE DISMISSED? DID YOU APPEAL?)

_____

_____

**8. AS TO ANY LAWSUIT FILED IN ANY FEDERAL COURT** in which you were permitted to proceed *in forma pauperis*, was any suit dismissed on the ground that it was frivolous, malicious, or failed to state a claim?    Yes ☐    No ☒

If your answer is Yes, state the name of the court and docket number as to each case:

(N/A.)                              (N/A.)

### III. PLACE OF INCIDENT COMPLAINED ABOUT

**9.** Where did the matters you complain about in this lawsuit take place? Eastman YDC →(Dodge County); Al Burruss C.T.C (Forsyth, Ga.); Hays State Prison (Trion, Ga.).

(a) Does this institution have a grievance procedure?    Yes ☒    No ☐

(b) If your answer to question 9(a) is "Yes", answer the following:

(1) Did you present your complaint(s) herein to the institution as a grievance?
Yes ☒    No ☐

(2) If Yes, what was the result? Grievance Numbers: "182387" and "182396" were both Filed on a Institutional level →(Hays State Prison) → and then appealed to Central Office.

(3) If No, explain why not: (N/A.)

(c) What, if anything else, did you do or attempt to do to bring your complaint(s) to the attention of prison officials? Give dates and places and the names of persons talked to.

Besides exhausting my administrative Remedies in their entirety, My Family & I have Filed written complaints with Inmate Affairs → (Ombudsman Unit).

(d) Did you appeal any denial of your grievance to the highest level possible in the prison system? Yes ☑ No ☐

(1) If Yes, to whom did you appeal and what was the result? CENTRAL OFFice → (Interim Manager). The agency Denied my appeal(s).

(2) If No, explain why you did not appeal: (N/A.)

10. In what other institutions have been confined? Give dates of entry and exit.

(1.) Burruss CTC. → (March 4, 2014 to July 2014).

(2.) Hays State Prison → (July 2014 to Present Day).

## IV. PARTIES TO THIS LAWSUIT

11. List your CURRENT place of incarceration/mailing address.

Hays State Prison.
P.O. Box 668
Trion, Ga. 30753.

12. List the full name, the official position, and the place of employment of each defendant in this lawsuit. (ATTACH ADDITIONAL PAGES IF NECESSARY)

(1.) Brian Owens (Commissioner) → Georgia Dept. of Corr.
(2.) Cynthia Nelson (Regional Director) → Ga. Dept. of Corr.
(3.) Rick Jacobs (Regional Director) → Ga. Dept. of Corr.
(4.) The Honorable Judge "Patricia Stone" → (The Juvenile Court of Chatham County → Eastern Judicial Circuit).

# DEFENDANT(S)

(5.) Mr. Darisol (asst. Director) Eastman YDC.
(6.) Mr. Warren (asst. Director) Eastman YDC.
(7.) Ms. Winters (asst. Director) Eastman YDC.
(8.) Sheila Oubre (Warden) Alburruss C.T.C (?)
(9.) Scott Crickmar (Warden) (Hays State Prison.)
(10.) Randy Reed (Unit Manager) → (Hays State Prison.)
(11.) "Director" (Mental Health Dept.) (Hays State Prison.)

## V. STATEMENT OF CLAIM

13. In the space hereafter provided, and on separate sheets of paper if necessary, set forth your claims and contentions against the defendant(s) you have named herein. Tell the court <u>WHAT</u> you contend happened to you, <u>WHEN</u> the incident(s) you complain about occurred, <u>WHERE</u> the incident(s) took place, <u>HOW</u> your constitutional rights were violated, and <u>WHO</u> violated them? Describe how <u>each</u> defendant was involved, including the names of other persons who were also involved. If you have more than one claim, number and set forth each claim SEPARATELY.

DO NOT GIVE ANY LEGAL ARGUMENT OR CIT ANY CASES OR STATUTES AT THIS TIME; if such is needed at a later time, the court will advise you of this and will afford you sufficient time to make such arguments. KEEP IN MIND THAT RULES 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE <u>REQUIRES</u> THAT PLEADINGS BE <u>SIMPLE</u>, <u>CONCISE</u>, and <u>DIRECT</u>! If the court needs additional information from you, you will be notified.

WHERE did the incident you are complaining about occur? That is, at what institution or institutions? Eastman YDC; Alburruss C.T.C.; (Hays State Prison.)

WHEN do you allege this incident took place? → (March 4, 2014.)

WHAT happened? Claim ONE. ("False Imprisonment".)
On March 4, 2014, the Plaintiff → (a Mr. Caesar J. Bowman), was "boarded out" to Alburruss C.T.C. from Eastman Youth Detention Center → (located in Eastman, Ga. / Dodge County). Per directive of the "administration" → of Eastman Y.D.C. → (Defendants "Darisol", "Warren" and "Winters"), the → Plaintiff was ordered to be housed and ultimately "classified" as an adult offender at "Alburruss" C.T.C. located in Forsyth, Ga. → (For the record, the court order which was issued upon the Plaintiff by Defendant "Patricia Stone" during his August "2011" conviction DID NOT ajudicate Mr. Bowman's Delinquency! Although the Plaintiff was sentenced to serve (60) months with the Dept. of Juvenile Justice → (as reflecting on the Face of record under criminal case Number: "785872"), Mr. Bowman was unlawfully sent to an adult institution and orientated into the Ga. Dept. of Corrections as a "Juvenile offender".)

Upon being housed in Alburruss C.T.C. (as a Disciplinary recourse), Mr. Bowman resided in administrative segregation for roughly a month before being assigned to general population → by defendant "Sheila Oubre". (SEE Attachment.) →

(CONTINUATION.)   STATEMENT OF CLAIM.

While serving as the plaintiff's custodian(s), → Defendant(s) "Sheila Oubre" and "Cynthia Nelson" knowingly housed Mr. Bowman →("a Juvenile Offender") →around adult offenders with a culpable state of mind. Under Ms. Nelson's supervision and "consent", Warden Sheila Oubre went on even further to orientate and classify the plaintiff into the Ga. Dept. Of Corr. as a JUVENILE OFFENDER. Minus any Due Process Of Law, transfer of jurisdiction to the Superior, Nor Lawful adjudication of the plaintiff's delinquency, → Defendant(s) Sheila Oubre and Cynthia Nelson permitted Mr. Bowman's orientation into the Ga. Dept. Of Corr. ——→ (which in itself comprises "False Imprisonment" in its very essence).

——— (To further substantiate such unlawful confinement, → Defendant "Patricia Stone" →(the Judge whom resided over Mr. Bowman's August (2011) conviction) → has cognizably allowed the imposition of a(n) unlawful sentence to be imposed upon the plaintiff. Contrary to the court order which was issued upon Mr. Bowman by the Defendant →("The Honorable Judge "Patricia Stone"") → Under criminal case number: "785872" (Chatham County), the plaintiff is currently serving an unlawful sentence of 2 years, 8 months and (28) Days. A sentence which has "falsely" been commuting since Nov. 19, (2013). Even after being notified of the unlawful sentence via written petition, the Juvenile Court of Chatham County (esp. Defendant "Patricia Stone") → has failed as a matter of law and judicial duty to (a.) → remedy the situation through verdict or "Order", and (b.) → deliver the plaintiff from his current UNLAWFUL CONFINEMENT. ———)

After being placed back in administrative segregation at the Alburruss C.T.C. → For disciplinary reasons, Mr. Bowman was verbally albeit directly informed by Defendants "Oubre" and "Nelson" that his classification into the Ga. Dept. Of Corr. had been authorized by Defendant "Brian Owens" (COMMISSIONER). Such authorization is what has given rise to the facilitation of Mr. Bowman's "False Imprisonment", which all but makes the cause of this action fairly attributable to the "Commissioner" via Defendant!

(NOTE: "False Imprisonment" claims are indeed actionable under the ambits and auspices of a 42 U.S.C 1983 civil rights complaint! Furthermore, the plaintiff's "False Imprisonment" claim ISN'T a →

(CONTINUATION.)

→ challenge directed exclusively at the duration of time in which the Plaintiff is to be confined. (This is a matter of "jurisdiction", or the Georgia Dept. of Correction's <u>lack</u> of jurisdiction over Mr. Bowman as a CUSTODIAN.) —————

## SECOND CLAIM. (CONDITIONS OF CONFINEMENT.)

Back in July of (2014), the Plaintiff was transferred from Alburruss C.T.C to his current housing assignment → (The Hays State Prison). Upon his arrival to the institution in question, Mr. Bowman was placed in administrative segregation. → In August of 2014, the Plaintiff was moved out of the (E.1) housing unit and assigned to the (F.1) housing unit to be classified into The Tier II Program → (which is a long term disciplinary sanction via stratisfication). →

The arrangements revolving around Mr. Bowman's classification into the Tier II program creates a liberty interest of the sort which is marked by atypicality and significant hardship. In violation of the Plaintiff's right to Procedural Due Process, Mr. Bowman <u>never</u> received beforehand Notice of his enrollment into the adverse program. Such deprivation of Procedural Due Process is what ultimately circumvented the Plaintiff from making the necessary preparations for his hearing. ————→

Whereas the conditions of the Tier II Program are typically more compatible and compatibly tailored for "PRISONERS" with high max and super high max custody levels of security, Mr. Bowman's placement in the program is tantamount to CRUEL AND UNUSUAL PUNISHMENT! Marked by <u>excessiveness</u> and perpetual pain & SUFFERING, → (restricted privileges, visitation restrictions, call restrictions, SENSORY Deprivations, 24 hour a day solitary CONFINEMENT, Denial of Recreation, Inadequate medical and psychiatric care, Denial of proper sanitation, and <u>obstinate</u> transgression upon the Free Exercise of religious belief), the Tier II Program in its very forum has placed the Plaintiff → under wide scale Oppression → (of the sort <u>Forbidden</u> by the Cruel and Unusual Punishment Clause of the Eigth Amendment). (CONTINUATION.) ————→

(CONTINUATION.)

→ As a "Juvenile Offender", Defendant(s) "Randy Reed", Warden → "Scott Crickmar" and Regional Director "Rick Jacobs" permitted the Plaintiff to be enrolled into a program which all but constitutes and defines "CRUEL & UNUSUAL PUNISHMENT" → (as it relates to and affect Mr. Bowman). Per Notice of appeal and the exhaustion of the administrative remedies which have been available to him, the Plaintiff has been meticulous within notifying the above listed Defendant(s) of both his "delinquency" and his overall SUFFERING. Throughout the chain of command beginning with Defendant "REED" and ending with Defendant "Jacobs", the administration of this department has acted "under color of state law" in furtherance of the Plaintiff's false imprisonment and UNLAWFUL CONFINEMENT! (For the record, all three of the above listed Officials via Defendant(s) signatures reflect in concurrence upon the Plaintiff's enrollment into the Tier II program as a "Juvenile Offender".) →

For the past 7½ to 8 months, Mr. Bowman has been FORCED to endure conditions of confinement / a punishment which is both excessive and repugnant to the conscious in light of the Plaintiff's "delinquency" → via status as a → "Juvenile Offender". Since Mr. Bowman's placement in the Tier II program back in August of 2014, the Plaintiff has suffered from chronic weight loss and instability in his health → resulting from him not receiving proper nourishment, high blood pressure and low potassium.

### Claim (3). (Deliberate Indifference.)

Amongst other things, the Plaintiff's placement in the Tier II program has worsened the Plaintiff's mental instability / health by increasing his level of dependency upon sedatives → (heavy sedatives) just to be able to cope with the CONDITIONS OF HIS CONFINEMENT. From the onset, Mr. Bowman had grave difficulty within adjusting to the dosage of prescribed medications → (anti-depressants and mood stabilizers), resulting in "force" being used upon him on 9/27/2014 and 9/30/2014. To → this very day, Mr. Bowman often find himself heavily sedated in a → somnolent like state, unable to fully → grasp the magnitude and lucid intervals of the predicament that he is in. (CONTINUATION.) →

(CONTINUATION.)

→ Whereas Mr. Bowman mental health history is longstanding, expressly noted and pervasive, the psychiatric attention that the plaintiff is receiving at present is grossly inadequate. Taking the circumstances revolving around Mr. Bowman's "(24) hour a day" confinement into careful consideration, the plaintiff's current **treatment** plan appears to amount to nothing more than heavy SEDATION which is being implemented to keep him disoriented. → The plaintiff has had some difficulty within identifying and attributing the liability to a particular Defendant by name whereas he's only come in contact with a "Ms. Sanchez" of the Mental Health Dept. Besides his weekly check-ups with the Mental Health counselor →("Ms. Sanchez"), Mr. Bowman has only received a conventional level of psychiatric treatment → (via telepsychiatry) for his well-documented and SERIOUS Psychiatric Needs. The plaintiff argues that the liability arising out of this claim is ultimately attributable to the Mental Health Director (of the Hays State Prison) → insofar as it is the Director who inevitably approves or disapproves of any treatment plan for inmates who are under a mental health caseload.

## 42 U.S.C. § (1985) (CONSPIRACY CLAIM.)

Pursuant to 42 U.S.C. § 1985(3), the plaintiff now seeks to assert this claim under the aforementioned title and code section against defendants via conspirator(s) → ① Darisol, ② Warren, and ③ Winters of the Eastman Y.D.C.; ④ The Honorable Judge "Patricia Stone" of the Juvenile Court of Chatham County; → ⑤ Sheila Oubre, ⑥ Cynthia Nelson and ⑦ Commissioner "Brian Owens" of the Ga. Dept. of Corr. →

In a convivial sense, all ⑦ of the aforementioned defendants via "CONSPIRATORS" have all played significant roles within the facilitation of the victim's / plaintiff's "False Imprisonment". While operating in collusion, all ⑦ of the aforementioned defendants have acted in a manner which was violative of the plaintiff's FEDERAL DUE PROCESS RIGHTS →(Rights which ARE NOT discretionary in requirement). →

(CONTINUATION.)

In her Official Capacity, defendant "Patricia Stone" has permitted the imposition of a(n) unlawful sentence to be carried out upon the Plaintiff ⟶ (a sentence which is ambivalent towards the Findings and Disposition of criminal case number: "785872"). ⟶ The Judge's Permittance of the unlawful sentence which has been imposed has all but Fortified the "False Imprisonment" which Mr. Bowman is being forced to endure to this very Day. ⟶

This is Nothing short of a(n) arbitrary abuse of authority, explicating how (7.) state Officials ⟶ (in representation of (3.) Different agencies) ⟶ has used unlawful means to accomplish a "Presumed" lawful Objective. ⸺

(END OF Statement OF Claim.)

14. List the name and address of every person you believe was a WITNESS to the incident(s) you complain about, BRIEFLY stating what you believe each person knows from having seen or heard what happened. (USE ADDITIONAL SHEETS, IF NECESSARY)

(1.) "Matina Cutkulbin" → (Juvenile Probation Office of Chatham County).

(2.) "Cambell D. Bowman" → (Attorney at law). The Bowman Law Firm → 7505 Waters Ave, Suite D.3. Savannah, Ga. 31406.

(Both parties are well aware of the fact that I am under a "Juvenile" caseload → The Juvenile Probation Office of Chatham County).

15. BRIEFLY state exactly what you want the court to do for you. That is, what kind of relief are you seeking in this lawsuit? Do not make any legal arguments and do not cite any cases or statutes! (USE ADDITIONAL SHEETS, IF NECESSARY)

(1.) Pursuant to Rule 65(e) and 42 USC 2000(e)(3), I seek Injunctive relief of the sort that will deliver me from the "False Imprisonment" and Unlawful confinement in which I am currently being subjected to.

(2.) Pursuant to Rule 65(b) of Fed. R. Civ. P., I wish to have a T.R.O. imposed upon Defendant(s) "Randy Reed" and "Warden Crickmar" of the Hays State Prison.

(3.) For compensatory and Punitive Damages, I would like $10,000. ₵ For each day that I've been unlawfully confined.

16. You may attach additional pages if you wish to make any legal argument. However, legal arguments are NOT required in order for you to obtain relief under §1983. If the court desires legal argument from you, it will request it. If any defendant presents a legal argument, you will be afforded an opportunity to respond thereto.

17. KEEP IN MIND THAT ONCE YOUR LAWSUIT IS FILED, THE COURT WILL REQUIRE YOU TO DILIGENTLY PROSECUTE IT. That means that you will be required to go forward with your case without delay. Thus, if you fail to adequately prepare your case before you file it, you may find your lawsuit dismissed for failure to prosecute if you take no action once it is filed. YOU WILL RECEIVE NO FURTHER INSTRUCTIONS FROM THE COURT TELLING YOU WHAT TO DO OR HOW TO DO IT! IT IS YOUR RESPONSIBILITY AND YOURS ALONE TO PROSECUTE YOUR OWN CASE! If you fail to prosecute your case, it will be dismissed under Rule 41 of the Federal Rules of Civil Procedure.

Signed this 23rd day of March, 20 15.

✱ Ceasar Bowman
PLAINTIFF