IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CEASAR J. BOWMAN, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | CIVIL ACTION: 5:15-CV-0067-MTT |
| | : | |
| Commissioner BRIAN OWENS, et al, | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| Defendants | : | BEFORE THE U. S. MAGISTRATE JUDGE |

_____

## ORDER & RECOMMENDATION

Plaintiff Ceasar J. Bowman, a state prisoner currently confined at Hays State Prison in Trion, Georgia, has filed a *pro se* civil rights complaint in this Court seeking relief under 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Plaintiff also seeks to proceed in this case without pre-payment of the Court's filing fee and has moved for immediate injunctive relief. For those reasons stated herein, Plaintiff's Motion to Proceed *in forma pauperis* (ECF No. 10) is **GRANTED**. After conducting a thorough review of Plaintiff's Amended Complaint (ECF No. 7), as required by 28 U.S.C. § 1915A(a), the undersigned also finds Plaintiff's allegations sufficient to allow claims against Defendants **Darisol, Warren, Winters, Owens, Reed, Crickmar,** and **Jacobs** to go forward for further factual development. It is **RECOMMENDED**, however, that all other parties and claims be **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim, and that Plaintiff's Motion for Temporary Restraining Order (ECF No. 9) be **DENIED**.

## I.  Motion to Proceed *in forma pauperis*

Plaintiff has filed a Motion to Proceed *in forma pauperis*. Based on his submissions, the undersigned finds that Plaintiff is currently unable to pre-pay the Court's $350.00 filing fee. His Motion (ECF No. 10) is thus **GRANTED**. *See* 28 U.S.C. § 1915(b). This does not mean that the filing fee is waived, however. Plaintiff is still obligated to pay the full balance of the filing fee using the payment plan described in § 1915(b) and ordered herein. *See infra* at 13. For this reason, the Clerk of Court is **DIRECTED** to send a copy of this Order to the warden or business manager of the facility in which Plaintiff is currently confined.

## II.  Preliminary Review

### A. Standard of Review

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his complaint. *See* 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed" by the court. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

A *pro se* pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when construed liberally and viewed in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). To state a claim, a complaint must include "enough factual matter (taken as

true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56(2007). The plaintiff must also allege sufficient facts to "raise the right to relief above the speculative level" and create "a reasonable expectation" that discovery will reveal evidence to prove a claim. *Id*. "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

### B. Plaintiff's Complaint

The present action arises out Plaintiff's confinement at Eastman Youth Detention Center ("Eastman YDC"), Burris Correctional Training Center ("Buriss CTC"), and Hays State Prison. Although Plaintiff provides only a vague description of his criminal history, it appears from the Amended Complaint that Plaintiff was first convicted of aggravated assault on August 11, 2011, and sentenced, by Judge Patricia Stone in the Chatham County Juvenile Court, "to serve sixty [60] months with the Department of Juvenile Justice." Plaintiff's Complaint also shows a second sentencing date on November 19, 2013. At that time, Plaintiff was ordered to serve 2 years, 8 months, and 28 days, which appears to be equivalent to the time remaining on his initial sentence. Plaintiff alleges that he was still considered a juvenile offender.

In November 2014, however, Plaintiff was "boarded out" from the Eastman Youth Correctional Center to Burris CTC (an adult facility), "as a disciplinary recourse," at the direction of Defendants Darisol, Warren, and Winters (all assistant directors at the YDC). While at Burris CTC, Plaintiff was housed in general population with adult offenders and was informed, by Defendants Obre and Wilson, that his classification as an "adult

3

offender" was "authorized" by Commissioner Brian Owens.  Plaintiff similarly alleges that his sentencing judge, Judge Patricia Stone, knowingly allowed him to be confined in an adult facility contrary to the terms of his original sentence.

In July 2014, Plaintiff was transferred to Hays State Prison where he was placed in the "Tier II" program by Warden Scott Crickmar, Regional Director Rick Jacobs, and Unit Manager Randy Reed.  Plaintiff alleges that he was not given prior notice or fair opportunity to be heard regarding the placement.   He also believes that this confinement is tantamount to "cruel and unusual punishment" because of his status as a "juvenile offender" and because of the restricted privileges, sensory deprivation, twenty-four hour solitary confinement, lack of recreation, inadequate medical and psychiatric care, lack of sanitation, and restriction on religious exercise that is all part of the Tier II confinement. Since his placement in Tier II, Plaintiff has apparently suffered from chronic weight loss and "instability" in his health because of improper "nourishment, high blood pressure, and low potassium."

Plaintiff further alleges that the Tier II program has made him mentally unstable and dependent on sedative medication.  Plaintiff apparently receives some treatment from a psychiatrist, but his treatment plan only involves sedation.  Plaintiff claims that he has "serious psychiatric needs" and is being denied adequate mental health treatment by the Mental Health Director, i.e., the individual that approved of his "treatment plan."

Plaintiff claims that he filed two grievances at Hays State Prison and unsuccessfully appealed the denial of those grievances to the "central office."   He also states that other administrative remedies have somehow been made "unavailable to him."  Plaintiff has

4

thus now filed the present lawsuit and brings claims against eleven defendants – including **Commissioner Brian Owens; Regional Directors Cynthia Nelson and Rick Jacobs; Judge Patricia Stone; Eastman YDC Assistant Directors Darisol, Warren, and Winters; Warden Shelia Oubre; Warden Scott Crickmar; and John Doe "Director of Mental Health at Hayes State Prison** – for "false imprisonment," deliberate indifference to his health or safety, inadequate psychiatric care, and conspiracy.  Plaintiff seeks both money damages and an injunction ordering his release from Hays State Prison.

   1. Claim I – "False Imprisonment"

In Claim I, Plaintiff attempts to bring "false imprisonment" claims against officials at Eastman YDC (Defendants Darisol, Warren, and Winters), Patricia Stone, Warden Oubre, Cynthia Nelson, and Brian Owens for their involvement in his transfer from the YDC to an adult prison and confinement with adult offenders.   Plaintiff further states that this "*isn't a challenge directed exclusively at the duration of time in which Plaintiff is to be confined*."   That notwithstanding, Plaintiff does (1) allege that his present confinement is unlawful, (2) challenge the way his sentence is being executed, and (3) seek injunctive relief in the form of an order releasing him from his present confinement.   Thus, regardless of how it may be styled, Plaintiff's "false imprisonment claim" raises legal issues and seeks relief only available in a habeas action.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).   It is therefore **RECOMMENDED** that this claim be **DISMISSED** without prejudice to Plaintiff refiling it in a habeas action.

Plaintiff's "Claim I," however, will also be liberally construed to include a due process claim for damages.   At this stage, it is unclear what process Plaintiff was provided

5

or denied. The undersigned is thus hesitant to dismiss Claim I without further factual development and response from Defendants. Therefore, a due process claim against Defendants **Darisol, Warren, Winters,** and **Owens** will be allowed to go forward.

2. Claim II – "Conditions of Confinement"

In Claim II, Plaintiff states that he wishes to bring an Eighth Amendment conditions-of-confinement claim against officials at Hays State Prison based on his placement in the Tier II program. Plaintiff also alleges that Unit Manager Reed, Warden Crickmar, and Director Jacobs placed him in Tier II without proper notice or fair opportunity to respond. The undersigned will thus construe Claim II as including both an Eighth Amendment claim and a due process claim.

In light of Plaintiff's allegations of sensory deprivation, twenty-four hour solitary confinement, lack of recreation, inadequate medical care, lack of sanitation, restriction on religious exercise, and lack of proper nutrition, the undersigned will allow Plaintiff's Eighth and Fourteenth Amendment claims against **Reed**, **Crickmar**, and **Jacobs** to go forward for further factual development.

3. Claim III – "Deliberate Indifference"

In Claim III, Plaintiff brings a claim against "the Mental Health Director" at Hays State Prison for inadequate psychiatric care. Plaintiff claims that he is being overly medicated and denied proper care for his "well documented psychiatric needs." He is "unable to identify" his treating physician, however, and fails to identify his "psychiatric needs" or any diagnosed psychiatric condition from which he suffers. Plaintiff only alleges that he has "serious psychiatric needs." This "formulaic recitation" fails to state a

claim for relief.  *See Twombly*, 127 S. Ct. at 1964-65.  Plaintiff also fails to allege that he has requested and is unable to take less sedative medication.  In fact, there is nothing in the Complaint to suggest that anyone at Hays State Prison is aware that Plaintiff is over medicated or otherwise acting with deliberate indifference to a serious risk of harm.

Therefore, while Plaintiff could potentially allege facts to state an Eighth Amendment claim for inadequate psychiatric care, the allegations in his Amended Complaint fail to do so.  *See Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989).  It is accordingly **RECOMMENDED** that Plaintiff's Eighth Amendment deliberate indifference claim against the **Medical Director** be **DISMISSED** without prejudice.

4. Claim IV – "Conspiracy"

Finally, in Claim IV, Plaintiff attempts to state a claim of civil conspiracy under 42 U.S.C. § 1985.  He vaguely asserts that Defendants Darisol, Warren, Winters, Stone, Oubre, Nelson, and Owens conspired to falsely imprison him and deny him due process. This conclusory allegation fails to state a claim.  *See Fullman v. Graddick*, 739 F.2d 553, 556 (11th Cir. 1984) ("A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy.").

"Allegations of conspiracy must be specific and based upon facts rather than conclusions."  *Van Bethel v. Carter*, No. 5:12–cv–01153–RDP–HGD, 2012 WL 5932682 at *2, (N.D. Ala. Oct. 12, 2012).  "It is not enough to simply aver in the complaint that a conspiracy existed."  *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984).  To state a conspiracy claim under § 1983, a plaintiff must (1) show that the defendants had a "meeting of the minds" or reached an understanding to violate his rights and (2) prove an

actionable wrong to support the conspiracy. *Bailey v. Board of County Comm'rs of Alachua County, Fla.*, 956 F.2d 1112, 1122 (11th Cir.1992). "[T]he linchpin for conspiracy is agreement, which presupposes communication[.]" *Id.*

Plaintiff's Amended Complaint does not offer any specifics as to when or how an agreement among any Defendants may have been reached and thus clearly fails to sufficiently allege a conspiracy among defendants. It is therefore **RECOMMENDED** that Plaintiff's conspiracy claims against Defendants **Darisol, Warren, Winters, Stone, Oubre, Nelson, and Owens** be **DISMISSED** without prejudice.

### III.     Motion for Temporary Restraining Order ("TRO")

Plaintiff has also filed a one-page request for immediate injunctive relief. Therein, Plaintiff states that he is fearful Defendants Reed and Crickmar will retaliate against him for filing this lawsuit." Plaintiff, however, does not claim that he has been retaliated against or describe a specific real and immediate threat of future injury. At this point, his allegations are mere conjecture, and as such he does not have standing to seek an immediate TRO. *See Williams v. Bd. of Regents of the Univ. Sys. of Ga.*, 477 F.3d 1282, 1302 -1303 (11th Cir. 2007) ("Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate-as opposed to a merely conjectural or hypothetical-threat of future injury). The district court also cannot issue a general injunction barring Defendants from violating the law at some point in the future. *See SEC v. Smyth*, 420 F.3d 1225, 1233 (11th Cir. 2005) ("This circuit has repeatedly held that 'obey the law' injunctions are unenforceable."); *Payne v. Travenol Lab., Inc.*, 565 F.2d 895, 898 (11th Cir. 1978)

8

("'[O]bey the law' injunctions cannot be sustained."); *Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999). Indeed, it is already unlawful for a prison official to retaliate against a prisoner because of his having filed a lawsuit concerning the conditions of his imprisonment. *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003).

It is therefore **RECOMMENDED** that Plaintiff's Motion for TRO be **DENIED.**

### IV.   Conclusion

For those reasons stated herein, the undersigned finds the allegations in Plaintiff's Complaint are sufficient to allow claims against **Darisol, Warren, Winters, Owens, Reed, Crickmar,** and **Jacobs** to go forward for further factual development. It is now **ORDERED** that service be made on these defendants and that they file an Answer, or such other response as may be appropriate under the Federal Rules, § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and the possible imposition of expenses for failure to waive service.

It is **RECOMMENDED** that all other parties and claims be **DISMISSED without prejudice** for failure to state a claim, and that Plaintiff's Motion for TRO be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal

conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

## DUTY TO ADVISE OF ADDRESS CHANGE

During this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.  If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence

filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Fed. R. Civ. P. 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court. This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than 120 days from when the discovery period begins.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

In accordance with the Prison Litigation Reform Act, Plaintiff's custodian is directed to remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00. Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

**PLAINTIFF'S OBLIGATION TO PAY FILING FEE**

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee. Collection from Plaintiff of any balance due by any means permitted by law is authorized in the event Plaintiff fails to remit payment.

**SO ORDERED**, this 7th day of May, 2015.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE